**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAWRENCE M. KUKLINSKI, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STANDARD INSURANCE COMPANY ) <br> and ORTHOPEDIC SURGEONS, INC. ) <br> GROUP DISABILITY PLAN 120876, ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil No. 04-0193 Erie |

**Opinion and Order**

Plaintiff Lawrence M. Kuklinski, M.D. commenced this action on July 9, 2004, by filing a Complaint against Defendants The Standard Insurance Company ("Standard") and Orthopedic Surgeons, Inc. Group Disability Plan 120876 (the "Plan") for violations of the Employee Retirement Income and Security Act ("ERISA").

In Count One, Dr. Kuklinski claims that the Defendants underpaid and miscalculated his short-term and long-term disability benefits by improperly determining his status under the Plan in violation of 29 U.S.C. § 1132(a)(1)(B). In Count Two, Dr. Kuklinski claims that Standard breached its fiduciary duty in part by determining that after 24 months of long-term disability benefits Dr. Kuklinski's occupation status will change from orthopedic surgeon to medical doctor or physician, thereby reducing his benefits, in violation of 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1104(a).

Presently before the court is Defendants' Motion to Dismiss Complaint Pursuant to Federal Rules 12(b)(1) and 12(b)(6) (Doc. 3), to which Dr. Kuklinski has filed a Reply with Memorandum of Law in Opposition (Doc. 6). Thereafter, Defendants filed a reply to Dr. Kuklinski's opposition.

**I. Background**

A brief synopsis of the underlying events is all that is necessary for resolution of the instant motion. Dr. Kuklinski, a licensed and certified orthopedic surgeon, along with six other doctors owned all of the shares of a closely-held professional corporation called Orthopedic Surgeons, Inc. All of the doctors functioned as employees of Orthopedic Surgeons, Inc. Orthopedic Surgeons, Inc. is the policy owner of an Employee Welfare Benefit Plan established pursuant to ERISA, called Orthopedic Surgeons, Inc. Group Disability Plan 120876. The Plan is issued by Standard. Dr. Kuklinski is a participant in the Plan, which provides coverage under both short and long term disability policies.

In March, 2003, Dr. Kuklinski became totally disabled under the Plan due to rheumatoid arthritis in his hands, wrists, ankles and feet, and thigh pain due a hip replacement. He applied for both short and long term disability benefits. On July 17, 2003, Standard granted short term disability benefits for a period of three months, and denied his claims for additional short term benefits and long term disability benefits. Following Dr. Kuklinski's appeal of this decision, Standard determined on January 26, 2004, that Dr. Kuklinski was totally disabled under both policies and was entitled to all applicable benefits.

However, Standard also determined that Dr. Kuklinski was not an "Owner-Employee" as defined in the policies, but was considered as one of the class of "All Other Members," thereby greatly limiting the amount of benefits to which he was entitled. Dr. Kuklinski maintains that he was at all times an "Owner-Employee" and Standard's refusal to recognize this is arbitrary and capricious, a conflict of interest, amounts to a re-writing of the terms of the policy in favor of Standard, and is in conflict with the rules of construction.

In a letter dated January 26, 2004 Standard also stated as follows:

> Please recognize that following 24 months of benefits, Dr. Kuklinski's Own Occupation Definition of Disability changes from the one medical speciality in which he is board certified to as broad as the scope of his license. At that time, to be eligible for continued benefits under the plan, Dr. Kuklinski must be precluded from performing the material duties of a physician, not an orthopedic surgeon.

2

(Letter from Anthony Picco, January 26, 2004, at 5, attached as Ex. 6 to Complaint.)  Such a determination could negatively affect Dr. Kuklinski's benefits.  Dr. Kuklinski maintains that Standard's intention to change his "Own Occupation" from "orthopedic surgeon" to "medical doctor" is arbitrary and capricious, a conflict of interest, a violation of the terms of the policy, and conflicts with the rules of construction.

Dr. Kuklinski filed an administrative appeal of the above aspects of the January 26, 2004 decision letter on April 5, 2004.  By letter dated May 24, 2004, Standard set forth in lengthy detail its response to Dr. Kuklinski's contentions, ultimately finding that Standard's initial determination remained unchanged.  (Letter from Anthony Picco, May 24, 2004, attached as Ex. 10 to Complaint.)  The May 24, 2004 letter was not considered a decision on Dr. Kuklinski's claim; in accordance with Standard's operating procedures, it was automatically forwarded to Standard's Quality Assurance Unit for an independent review.  As explained in the letter, the review is "conducted by an individual who was not involved in the original decision."  (Standard's May 24, 2004 Letter, at 11, Ex. 10 to Complaint.)

The independent review was conducted by Linda Wheeler, a Senior Benefits Review Specialist at Standard with the Quality Assurance Unit.  By letter dated June 7, 2004, she explained that every effort would be made to complete the review of his claim within 90 days, or by July 4, 2004. (Letter from Linda Wheeler, June 7, 2004, attached as Ex. 11 to Complaint.)  By letter dated July 2, 2004, two days before the 90-day deadline, Ms. Wheeler explained that the review was still being conducted and that Standard would be unable to complete the review with the 90-day time period. (Letter from Linda Wheeler, June 7, 2004, attached as Ex. 11 to Complaint.)  Ms. Wheeler further explained that the review was expected to be completed on or before July 15, 2004.  (Id.)  Finally, Ms. Wheeler explained that since Standard's review was going beyond 90 days, Dr. Kuklinski had the right to seek other legal remedies, including filing a lawsuit.  (Id.)

Dr. Kuklinski did so, filing the instant Complaint on July 9, 2004.  A courtesy copy of the Complaint was sent by his lawyer to Linda Wheeler via Federal Express on July 12, 2004. (Letter from attorney Alan Casper to Linda Wheeler, July 12, 2004, attached as Ex. 1 to Plaintiff's Reply.) Federal Express records show proof of delivery of the shipment on July 13, 2004 at Standard's office building in Portland, Oregon at 8:43 a.m., signed by a "T. DROBINA."  (Computer Printout attached to Ex. 1 to Plaintiff's Reply.)  On July 13, 2004, Ms. Wheeler issued a letter in which she announced that the Quality Assurance Unit had completed its review and determined that its prior decision regarding the meaning of "Owner-Employee" should be reversed. (Letter from Linda Wheeler to Alan Casper, July 13, 2004, attached as Ex. A to Defendants' Reply to Plaintiff's Reply.)  Ms. Wheeler also explained that Dr. Kuklinski's claim was being referred back to Anthony Picco, who initially reviewed the claim, for recalculation of his benefits.  Mr. Picco performed the recalculation and forwarded two checks to Dr. Kuklinski on July 14, 2004. (Letter from Anthony Picco to Alan Casper, attached as Exs. A, B & C to Defendants' Motion to Dismiss.)

In the same letter Ms. Wheeler upheld Mr. Picco's determination of May 24, 2004 that Dr. Kuklinski's "Own Occupation" of "orthopedic surgeon" would apply for the first 24 months of benefits, after which his "Own Occupation" would change to be as broad as the scope of his medical license. (Ms. Wheeler's July 13, 2004 letter, at 2, Ex. A. to Defendants' Reply to Plaintiff's Reply.)

Dr. Kuklinski asserts Standard's conduct throughout the administrative process was arbitrary and capricious.  He also maintains that the entire administrative process was infected with procedural irregularities designed to manufacture a basis to deny his claim and also claims that Standard knowingly and/or recklessly acted under a conflict of interest in its investigation, review, and denial of his rights.

**II. Standard of Review**

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in

support of the claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir.1985). "A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, *Ga.*, 433 U.S. 25, 27 n.2 (1977).

With regard to Rule 12(b)(1), the United States Court of Appeals for the Third Circuit has explained that such a motion raises the issue of "'the trial court's jurisdiction--its very power to hear the case.'" Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

> A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack the court may consider evidence outside the pleadings.

Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891 (other internal citations omitted)).

Defendants here assert a factual challenge. The United States Court of Appeals for the Third Circuit has "explained that in such a circumstance, a trial court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Robinson, 107 F.3d at 1021 (quoting Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir.1982)). "'[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Robinson, 107 F.3d at 1021 (quoting Mortensen, 549 F.2d at 891).

As an initial matter, we must determine the extent of our consideration of the materials submitted by the parties.  "When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)); see also Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000). "'Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed.Proc., L.Ed. § 62:508).  Here, we may consider the documents submitted by Defendants consisting of correspondence and a check that are directly related to the basis of Plaintiff's claims and to which neither party questions the authenticity.  Pryor, 288 F.3d at 560.

### III. Discussion

With respect to Count One, the Defendants submit that we lack subject matter jurisdiction in that Dr. Kuklinski's claim was rendered moot when Standard reversed its prior determination of Dr. Kuklinski's status in favor of Dr. Kuklinski's view and tendered to him all benefit payments to which he claimed to be entitled.

With respect to Count Two, in which Dr. Kuklinski seeks injunctive and/or other equitable relief enjoining Standard from violating the terms of the Plan by redefining his occupation status after 24 months, Defendants submit that we lack subject matter jurisdiction in that this claim is not ripe.  Defendants argue that the determination of Dr. Kuklinski's occupation status will not occur until a review is conducted after the 24-month period ends in September 2005.  In addition, Defendants move to dismiss Count Two's fiduciary breach claim to the extent it is asserted as a means to collect benefits, for failure to state a claim upon which relief can be granted.

In response to Defendants' motion, Dr. Kuklinski concedes as a factual matter that Standard has reversed its prior determination and paid to Dr. Kuklinski his rightful past due benefits.

However, Dr. Kuklinski argues that he now has the right to prosecute either Count One or Count Two against Defendants in order to pursue a claim for interest due to delay and to petition the court for attorneys' fees and costs  (Plaintiff's Memorandum of Law, at 10 (attached to Plaintiff's Reply (Doc. 6).)  He asserts that Defendant's conduct shows that he has prevailed on the merits of his claim for past due benefits.  He argues that Standard reversed its prior position as soon as it learned that the Complaint had been filed, which shows that Defendants knew that the prior denial was arbitrary and capricious.  Therefore, Dr. Kuklinski concludes that he has prevailed on the merits of his claim and is entitled to pursue prejudgment interest.  Dr. Kuklinski also argues that he is entitled to pursue his claim for interest under 29 U.S.C. § 1132(a)(3), as recovery of interest on benefits is a proper claim for equitable relief.

In the alternative, he argues that the court should grant judgment in his favor on Count One and allow him to submit a petition for attorneys' fees and costs.

In response to Defendant's motion to dismiss Count Two for lack of subject matter jurisdiction, Dr. Kuklinski claims that there does exist a present case or controversy over the interpretation of the terms "professional or occupational license" as used in the Plan's "Own Occupation" definition.

**A. Count One**

It is plain that Dr. Kuklinski has been paid the benefits he seeks in Count One, and to that extent his claim is moot.  We disagree with Dr. Kuklinski that he has shown that he has prevailed on the merits of his claim and is entitled to attorneys' fees and costs.

Here, Dr. Kuklinski claims that Standard reversed its prior decision only because he filed the instant Complaint.  His proof is that Standard did not reverse its decision until several hours after the courtesy copy of the Complaint was delivered at Standard's offices at 8:43 a.m. on July 13, 2004. He argues that Standard's "quick reversal on the interpretation of the term 'Owner-Employee' is definitive proof that it knew its denial of over $68,000 worth of benefits was both arbitrary and capricious." (Plaintiff's Memorandum of Law, at 10.)  He also argues that this

7

reversal shows that Defendants concede that Dr. Kuklinski has prevailed on the merits of his claim and therefore he is entitled to pursue interest on the benefits due to delay and to petition the court for attorneys' fees and costs. (Id.)

Standard replies that as part of the administrative process it would have paid Dr. Kuklinski his benefits regardless of whether he filed a lawsuit. Standard argues that it was pure coincidence that Ms. Wheeler mailed her letter the same date the courtesy copy of the Complaint was received. Moreover, Ms. Wheeler has provided an affidavit stating that she personally did not have knowledge of the lawsuit, nor did she receive a copy of the Complaint before her decision was made, and that the filing of the lawsuit played no part in the decision. (Declaration of Linda Wheeler, attached as Ex. A to Defendants' Reply.) Standard thus concludes that Dr. Kuklinski is unable to show that his Complaint was the reason for Standard's decision.

Because of the timing issue this case does not fall squarely on one side or the other of the applicable law. On one hand, "[w]here a matter has been resolved through administrative proceedings before a plaintiff files a valid cause of action, courts cannot award attorney fees and costs pursuant to ERISA." Schaffer v. Prudential Insurance Co. of America, 301 F. Supp. 2d 383, 387-388 (E.D. Pa. 2003). Here, although Standard resolved the matter through valid administrative proceedings, Dr. Kuklinski properly filed his Complaint before Standard issued its decision.

On the other hand, when a plaintiff files a valid cause of action and thereafter the defendant settles the action, or the lawsuit is otherwise "disposed of without full litigation on the merits," in pursuing a claim for attorney's fees and costs the burden is on the plaintiff "to show that [his] suit was a "catalyst" or "material factor" in obtaining benefits from the Plan and that the Plan did not act for "wholly gratuitous" reasons in response to [his] suit." Davis v. Wal-Mart Stores, Inc., 67 F. Supp. 2d 1274, 1286 (D. Kan. 1999) (quoting Phelps v. U.S. West, Inc., 1998 U.S. App. LEXIS 6667, No. 97-1270, 1998 WL 165117, at *3 (10th Cir. Apr. 3, 1998) (unpublished opinion) (citing Hooper v. Demco, Inc., 37 F.3d 287, 292 (7th Cir. 1994) ("a party must initially prove that the outcome of the plaintiff's lawsuit must be causally linked to the achievement of the relief obtained").

8

The instant case falls within the above law, however, our review of the case has not revealed cases where the issue turns on whether the defendant knew that the lawsuit was actually filed.

The record evidence demonstrates that before the 90-day review period ended, Ms. Wheeler issued a letter informing Dr. Kuklinski that the review process would be completed by July 15, 2004, only eleven days past the 90-day deadline. At the time of the letter, July 2, 2004, Dr. Kuklinski's did not yet have the right to file a lawsuit. Ms. Wheeler also notified Dr. Kuklinski that since it was not going to complete its review by July 4, 2004, he would have the right to file a lawsuit when the 90-day period ended on July 4, 2004. The regulations providing for this right to sue state as follows:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(1). This section provides that if the plan fails to follow procedures a claimant *may* immediately file a lawsuit. A claimant may also choose to continue pursuing administrative remedies. The requirement of definite time limits on the review of an appeal is meant in part to benefit a claimant who, as in this case, is dealing with a plan that fails to provide a decision with the stated time limits. The regulatory time limit forces the plan to timely notify claimants, recognizing that it is claimants who have a great interest in a timely decision on health benefits. If the plan does not comply with the time limit, then the innocent claimant is not placed at the mercy of a dilatory administrator, but instead is permitted to proceed to court even though the administrative process was not over. In other words, the regulatory time limit excuses a claimant from actually exhausting administrative remedies when the plan is not acting promptly.

In this case, Standard cannot be said to have acted in a dilatory manner. Standard did not let the time period expire and then notify Dr. Kuklinski that it had not completed its review and he had the right to file a lawsuit. Standard also did not fail to inform Dr. Kuklinski that he did have the right to file a lawsuit. Finally, Standard did not choose to let the deadline pass and not notify Dr.

Kuklinski at all.  Instead, Standard notified Dr. Kuklinski before the 90-day period expired that it was not going to be able to complete its review within the regulatory deadline.  Standard also informed him that he had the right to sue, even though the administrative process was not complete.  Thus, at the same time Dr. Kuklinski had the right to bring suit while the administrative process was still proceeding.

In all likelihood, Ms. Wheeler anticipated that Dr. Kuklinski would not file a lawsuit at least until the July 15, 2005 deadline, even though she recognized he had a right to file the lawsuit on the 91st day of the review.  It is also apparent from the record evidence detailing Dr. Kuklinski's pursuit of his benefits and the processing of his claim that Dr. Kuklinski felt that the best course of action was to file a lawsuit as soon as he had the right to.  Based upon Standard's prior decisions, Dr. Kuklinski was justified in thinking that any eventual decision would not be in his favor.  It turns out that the decision was partly in Dr. Kuklinski's favor.

Our review of the record evidence appears to show that had this case proceeded in this court on the issue of whether Dr. Kuklinski is an Owner-Employee under the Plan,  in all likelihood Dr. Kuklinski would have prevailed and been awarded benefits.  But as noted, Standard also recognized in its independent quality assurance review that Dr. Kuklinski's position was correct.  Dr. Kuklinski maintains that it was knowledge of the filing of  his Complaint that motivated Standard to issue its decision. While it is within the realm of possibility, we find it not credible that Ms. Wheeler received the Complaint sometime after 8:43 a.m. and *as a result* decided to issue the letter on July 13, 2005 in favor of Dr. Kuklinski.

Dr. Kuklinski filed an administrative appeal of Standard's January 26, 2004 decision, which was issued by Anthony Picco.  Dr. Kuklinski's appeal went to Mr. Picco who upheld Standard's (that is, his own) decision of May 24, 2004.  Dr. Kuklinski's claim was then forwarded to Standard's Quality Assurance Unit for an independent review by an individual who was not involved in the original decision.  That turned out to be Ms. Wheeler; for the first time Mr. Picco was not reviewing his own decision.  In the administrative process the review rights accorded Dr.

Kuklinski worked. An independent review was conducted, and Dr. Kuklinski received a favorable decision on his claim for benefits. Dr. Kuklinski cannot offer any evidence to show that the independent Quality Assurance review was not proceeding in good faith, and that Ms. Wheeler only issued the July 13, 2004 letter in favor of Dr. Kuklinski after learning that a Complaint had been filed. We find that Standard paid benefits to Dr. Kuklinski because Dr. Kuklinski was entitled to the payments, not because he filed a lawsuit. Accordingly, we hold that Dr. Kuklinski is not a prevailing party entitled to attorneys' fees and costs under ERISA. We also see no basis on this record for us to enter Judgment on Count One in favor of Dr. Kuklinski as he requests in the alternative.

We will grant Defendants' motion to dismiss Count One's claim for benefits that Standard paid to him at the end of the administrative process, but after the Complaint was filed. To the extent Dr. Kuklinski might be entitled to interest on delayed benefits under ERISA or costs associated only with the filing of the lawsuit after Dr. Kuklinski had the right to sue, we will permit him to file an appropriate motion and a brief in support no later that September 23, 2005. Any response to Dr. Kuklinski's motion shall be due no later than October 7, 2005.

### B. Count Two

We note in passing that Dr. Kuklinski only addressed Ms. Wheeler's July 13, 2004 letter insofar as Standard ruled in his favor. However, Ms. Wheeler also ruled against Dr. Kuklinski by upholding its prior decision on the definition of "Own Occupation" contrary to Dr. Kuklinski's claim in his Complaint. Thus, in that respect Standard clearly did not reverse its "Own Occupation" determination in favor of Dr. Kuklinski, somewhat undermining his argument that Standard acted in his favor upon receiving the Complaint. Standard argues that Count Two is not ripe for our determination and therefore we lack subject matter jurisdiction.

Standard claims that it has not yet changed Dr. Kuklinski's "Own Occupation" from orthopedic surgeon to medical doctor because the 24-month period has not yet passed. Thus, Dr.

Kuklinski has not yet suffered any injury. Dr. Kuklinski argues that the issue is ripe as Standard has made a determination about the meaning of the language of the Plan and that the court can decide the issue now.

Dr. Kuklinski is correct that Standard has issued two separate decisions making it clear that its position is that the Plan language means that the scope of Dr. Kuklinski's "Own Occupation" will expand from his medical specialty to the scope of his license. However, Standard notes that at the close of the 24-month period, Dr. Kuklinski's health and ability to work must be evaluated in order to determine whether he remains eligible for benefits. This has not yet occurred and therefore we find that the issue is not yet ripe as Dr. Kuklinski has not suffered any injury. With no injury we cannot find that the issue is ripe merely because Standard takes one view of the Plan language and the claimant takes another view. Accordingly, we will dismiss Count Two for lack of subject matter jurisdiction. In closing on this issue, we note that if Standard does in fact do as Dr. Kuklinski predicts it will, Standard is in danger of "bad faith" accusation if it thereafter forces Dr. Kuklinski to endure a lengthy administrative review process on the meaning of "Own Occupation" given that Standard has made its determination on the meaning of the term once and upheld that determination on appeal. In other words, Standard owes it to Dr. Kuklinski to allow him to proceed to the merits of this dispute in this forum when the issue ripens rather than waste his time in a foregone administrative process.

## IV. Conclusion

Because Standard has actually paid the benefits Dr. Kuklinski seeks in Count One, we will dismiss Count One of the Complaint for lack of subject matter jurisdiction insofar as it seeks payment of benefits. Count One will remain insofar as we permit Dr. Kuklinski to file an appropriate motion and brief in support for any applicable interest due to delay and costs associated with the filing of the Complaint. We will dismiss Count Two without prejudice for lack of subject matter jurisdiction as the issue is not yet ripe. This action has already consumed much time of both

parties and clearly has caused ill feelings on both sides. We caution both parties to tone down their rhetoric, concentrate on the facts and the law in their future pleadings, and give serious consideration to working out an amicable settlement of the issues before further time and money are expended by both sides.

       An appropriate Order follows.

_August 31, 2005_
Date

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.,
Senior District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE M. KUKLINSKI, M.D., )
)
)
Plaintiff, )
)
v. ) Civil No. 04-0193 Erie
)
THE STANDARD INSURANCE COMPANY )
and ORTHOPEDIC SURGEONS, INC. )
GROUP DISABILITY PLAN 120876, )
)
)
Defendant. )
)

### Order

AND NOW, to-wit, this __31st__ day of August, 2005, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendants' Motion to Dismiss (Doc. 3), be and hereby is GRANTED on Count One insofar as it asserts a claim for disability benefits; Count One is not dismissed insofar as Plaintiff is entitled to interest on payment of delayed benefits and costs associated with filing the Complaint;

2. Defendants' Motion to Dismiss (Doc. 3), be and hereby is GRANTED on Count Two for lack of subject matter jurisdiction; said Count is hereby dismissed without prejudice;

IT IS FURTHER ORDERED that Plaintiff shall file an appropriate motion and brief in support consistent with the Opinion accompanying this Order no later than September 23, 2005, or this case will be dismissed. Any brief in response shall be due no later than October 7, 2005.

_/s/ Maurice B. Cohill_
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Mark E. Mioduszewski
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501

Katherine S. Ritchey
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104-1500

James S. Urban
Burns, White & Hickton
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001